United States Bankruptcy Court
Southern District of Florida
West Palm Beach Division
www.flsb.uscourts.gov

Case Number Case Number 11-17929-EPK
Adversary Number 12-01378-EPK

In Re:

William A. Nesbitt,

    Debtor

                                    Chapter 7

Deborah C. Menotte, Trustee
                Plaintiff
vs.

Sennora Brown, et al.,
                Defendants
_____/

**Defendants The Keyes Company and Loreal McDonald Motion to Withdraw Reference And Designation of Record**

      COME NOW, the Defendants, The Keyes Company and Loreal McDonald by and through their undersigned attorneys, and move to withdraw reference and file designation of record, pursuant to Local Rule 5011-1, and Doc 3 Order Setting Filing and Disclosure Requirements for Pretrial and Trial, and respectfully represent:

      Defendants seek withdrawal of the reference based on the fact that the case at bar is non-core and their demand for a jury trial, which they do not consent to the bankruptcy court conducting. Defendants are required to make this motion under Local Rule 5011-1 and the pretrial order in this case.

      The fraud case at bar would be an action at law in 18th-century England, and a court of equity would not have adjudicated it, so it must be concluded

preliminarily that the action is a "Sui[t] at common law" for which a jury trial is required by the Seventh Amendment. Additionally, the nature of the relief Plaintiff seeks -- the recovery of money payments of ascertained and definite amounts -- conclusively demonstrates that his cause of action should be characterized as legal, rather than equitable, such that petitioners are prima facie entitled to a jury trial under the Amendment. Granfinanciera v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, 19 BCD 493 (1989).

Movants understand a demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made so early in the proceedings. In re Winstar Communications, Inc., 321 B.R. 761, 764 (D. Del. 2005); Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 62 (S.D.N.Y. 1992). Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." In re Dreis, No. 94 C 4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); see also Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial). Although withdrawal of the reference is appropriate for purposes of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature. Thus, the Court may withdraw the bankruptcy reference only for the purposes of

jury trial. The Court may leave the reference intact as to all pretrial matters.

        Defendants' designation of record is as follows:

| | |
|---|---|
| Doc 1 | Complaint |
| Doc 2 | Summons |
| Doc 3 | Pretrial Order |
| Doc 18 | Answer and Affirmative Defenses of Defendants |
| Doc 19 | Jury Demand |
| Doc 36 | Initial Disclosure |
| Doc 42 | Agreed Motion to Continue Pretrial |
| Doc | The Motion to Withdraw Reference |

## CERTIFICATE OF SERVICE

We certify that a true copy of the foregoing was served as follows:

We hereby certify that on July 27, 2012, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/EDF or in the manner specified therein in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By email
Jason S. Rigolli
Furr and Cohen, PA
Attorneys for Trustee,
2255 Glades Road, Ste 337W,
Baca Raton Fl 33431
Ph (561) 395-0500 Fax (561) 338-7532
Email  jrigoli@furrcohen.com

Elizabeth A. Smitherman
Griffiths & Smitherman, PL
Attorney for Rachmas Capital
804 N. Olive Ave, 1st Fl
West Palm Beach Fl 33401
Ph/Fax (561) 290-0386
Email lsmitherman@gslawfl.com

Brett A. Elam
Attorney for Sennora Brown, C&P Group, and Clear Title America,
105 S Narcissus Ave Ste 802
West Palm Beach, Florida 334015530
Phone:  561.8331113
Fax:  561.8331115
E-Mail:  belam@brettelamlaw.com

/s/ Joel M. Aresty
Joel M. Aresty, Fla. Bar No. 197483
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
Joel M. Aresty, PA
Offices at Sailboat Cay
13499 Biscayne Blvd
STE T3 (18th Floor)
North Miami, FL 33181-2061
Fax: 877-350-9402
Co-Counsel for The Keyes Company and Loreal McDonald

/s/ Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email bdf@friedlanderkamelhair.com

Friedlander & Kamelhair, PL
3300 N. University Drive Ste 4
Coral Springs, Florida 33065-6300
Ph. (954) 893-1376; (305) 371-7386
Fax (954) 893-1376

Attorney for The Keyes Company and Loreal McDonald