UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                          Case No. 11-17929-BKC-EPK
                                                Chapter 7
WILLIAM A. NESBITT,

     Debtor.
_____/
DEBORAH C. MENOTTE, TRUSTEE,

     Plaintiff,

vs.                                             Adv. Pro. No.

SENNORA BROWN, C & P GROUP, LLC,
CLEAR TITLE AMERICA, LLC,
RACHMAS CAPITAL, KEYES REAL
ESTATE and LOREAL McDONALD,

     Defendants.
_____/


**TRUSTEE, DEBORAH C. MENOTTE'S, COMPLAINT FOR BREACH OF
CONTRACT, FRAUD, FRAUD IN THE INDUCEMENT AND
<u>NEGLIGENT MISREPRESENTATION</u>**

     Plaintiff, DEBORAH C. MENOTTE, Trustee (the "Trustee") of the Chapter 7

Bankruptcy estate of Debtor, WILLIAM A. NESBITT (the "Debtor"), sues the Defendants,

SENNORA BROWN, C & P GROUP, LLC, CLEAR TITLE AMERICA, LLC, RACHMAS

CAPITAL, KEYES REAL ESTATE and LOREAL McDONALD (collectively "the

Defendants"), and alleges as follows:

**<u>Jurisdiction and Venue</u>**

     1.    This is an adversary proceeding for providing fraudulent and misleading

information to the Trustee.

1

2.      On March 25, 2011, the above-listed Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (as amended, "Bankruptcy Code").    [D.E. #1].  The case was converted to a case under Chapter 7 of the Bankruptcy Code on April 26, 2011 [D.E. #20] and the case is pending before the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").

3.      Deborah C. Menotte is the duly appointed and acting Chapter 7 Trustee.

4.      This Court has jurisdiction of the subject matter of this Complaint pursuant to §1334(b) of Title 28, United States Code, as a civil proceeding arising in or related to a case under the Bankruptcy Code.  This Court also has jurisdiction under §1334(e) of Title 28, United States Code, as this adversary proceeding involves property of the Debtor's estate.

5.      The Court's jurisdiction over this matter is core pursuant to §157(b) of Title 28, United States Code, in that this adversary proceeding pertains to (a) matters concerning the administration of the estate; (b) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and (c) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor/ creditor relationship.

6.      Venue in this District is based on §1409(a) of Title 28, United States Code, as a proceeding arising in or related to a case under the Bankruptcy Code commenced in this District.

## Parties and Related Entities

7.      The Trustee is the duly qualified and acting Trustee for the Debtor's estate.

8.      William A. Nesbitt is the Debtor in proceedings under Chapter 7 of the Bankruptcy Code.

9.      Sennora Brown is an individual residing in the State of Texas.

2

10. C & P Group, LLC is a limited liability company allegedly formed by Sennora Brown.

11. Clear Title America, LLC is a Florida Limited Liability Company with its principal place of business in Hillsborough County, Florida.

12. Rachmas Capital is a Limited Liability Company purportedly doing business in Portland, Oregon, although a search with the Corporation Division of the Oregon Secretary of State does not provide records of any such company eligible to do business in the State.[1]

13. Keyes Real Estate is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

14. Loreal McDonald is an individual residing in Palm Beach County, Florida.

<u>**Background**</u>

15. Early on in the administration of this estate, the Trustee identified the sale of the household good and furnishings (the "Personal Property") located at 9294 Hawk Shadow Lane, Delray Beach, Florida (the "Real Property"), as the most significant asset available to liquidate for the benefit of creditors. As a result, the Trustee filed an Emergency Motion For Turnover of Real Property and Household Goods and Furnishings [D.E. #53] and an Order was entered requiring the turnover, of both the Real Property and the Personal Property to the Trustee [D.E. #61].

16. The Trustee and her counsel expended a significant amount of time in an effort to sell the Personal Property with the Real Property. As articulated to the Court on several occasions, the Trustee believed that the sale of the Personal Property would be maximized in connection with the sale of the Real Property.

---

[1] A search of the Division of Corporations of the Delaware Department of State did produce a record for Rachmas Capital Partners, LLC, incorporated on 10/27/10. The Trustee is unaware if this is the same corporation.

17.     After significant effort, the Trustee entered into a contract for the sale of both the Real Property and the Personal Property with C & P Group, LLC as the purchaser.  Based on the terms of the contract, the sale to C & P Group, LLC would provide the estate with $200,000 for the Personal Property and, through the sale of the Real Property through a short sale for $3,400,000, would also result in a payment of $60,000 to the holder of the second mortgage on the Real Property, Bank of America, and satisfaction of significant outstanding Homeowners' Association dues through the payment of $60,000 to the Homeowners' Association.

18.     To support its contract and its ability to close, C & P Group, LLC provided the Trustee with a proof of funds letter from Rachmas Capital and an escrow letter from Clear Title America, verifying that Clear Title America, LLC, had received a deposit of $390,000.

19.     As a result of the contract with Sennora Brown and C & P Group, LLC the Trustee did not pursue other expressions of interest in purchasing the Real and Personal Property of the Debtor's bankruptcy estate.

20.     The Trustee filed a Motion to seek Court approval for the sale of the Real Property and Personal Property to C & P Group, LLC [D.E. #104] and served a copy of the Motion on C & P Group, LLC at the address provided by C & P Group, LLC.  Defendants Loreal McDonald and Keyes Real Estate, the broker retained by C & P Group, LLC for this transaction, were also served with a copy of the Motion and the Trustee and her broker remained in constant contact with the buyer's broker.  The Motion clearly set forth the Trustee's belief that the buyer had the financial wherewithal to close and had posted a significant earnest money deposit.  Both representations were based upon the information provided by the buyer to the Trustee.

21.     C & P Group, LLC, failed to close and the Trustee became troubled by communications with C & P Group, LLC and its representatives.  Accordingly, the Trustee's

22.     Becoming ever more troubled, the Trustee commenced her own investigation and discovered that C & P Group, LLC was not an existing entity in either Florida or Texas.

23.     In addition, the Trustee served subpoenas on both Clear Title America, LLC and Rachmas Capital.

24.     Included in the response from Rachmas Capital was a letter from Rachmas Capital, which clearly states that Rachmas Capital provided its proof of funds letter to C & P Group, LLC without ever having conducted any kind of due diligence to verify whether C & P Group, LLC had the funds available to it to close.

25.     The responsive letter received from Clear Title America, LLC indicates that despite the letter it had provided regarding receipt of the deposit, the deposit had never been received.

26.     Sennora Brown purported to be the principal of C & P Group, LLC and executed the contract on behalf of C & P Group, LLC.  It was Ms. Brown's broker, Loreal McDonald of Keyes Real Estate, who provided the escrow letter and the proof of funds letter to the Trustee on behalf of Ms. Brown and her non-existent entity.

27.     Based upon the contract from C & P Group, LLC, the proof of funds letter and the escrow deposit letter, the Trustee proceeded with a hearing in front of the Bankruptcy Court to obtain Court approval for the sale of the Real Property and the Personal Property to C & P Group, LLC.  The Debtor attempted to prevent approval of the sale with a last-minute bad faith

amendment to his bankruptcy schedules [D.E. #108], which the Court promptly struck [D.E. #111] and approved the Motion for the Sale of the Real and Personal Property.

28.     As a result of the failure of non-existent C & P Group, LLC to close, the Trustee had to proceed with removal of the Personal Property from the house and an auction sale of the Personal Property.  As expected, the auction sale of the Personal Property provided a return to the estate of $120,000, which is significantly less than the $200,000 which could have been received from the sale of the Personal Property along with the Real Property.  In addition, the Real Property was foreclosed upon by the first lender and the second lender, Bank of America, and the Homeowners' Association will not receive anything.  The second mortgage holder would have received $60,000 from the sale to C & P Group, LLC and the Homeowners' Association would likewise have received $60,000.  In addition, the Trustee and her counsel spent a significant amount of time in their attempts to sell the Personal Property with the Real Property, especially in connection with the sale to C & P Group, LLC.

29.     The C & P Group, LLC contract, the proof of funds letter and the escrow deposit letter were false, fraudulent and misleading documents provided to the Trustee.

### Count I - Breach of Contract
(C & P Group, LLC)

30.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

31.     The Trustee and C & P Group, LLC entered into a purchase and sale contract for the Real Property and Personal Property located at 9294 Hawk Shadow Lane, Delray Beach, Florida.

32. The Trustee performed all conditions, covenants, and promises required on her part to be performed in accordance with the terms and conditions of the contract, including seeking and receiving approval of the sale by this Court.

33. The C & P Group, LLC breached the agreement by failing to close on the Real Property and failing to tender any funds to the Trustee for either the Personal Property or the Real Property.

34. As a result of C & P Group, LLC's breach of the agreement, the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against the C & P Group, LLC in the amount of the damages suffered by the estate and its creditors, plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

## Count II - Breach of Contract
(Sennora Brown)

35. The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

36. Sennora Brown held herself out to be the principal of C & P Group, LLC, an entity which does not exist.

37. The Trustee entered into a purchase and sale contract for the Real Property and Personal Property located at 9294 Hawk Shadow Lane, Delray Beach, Florida with C & P Group, LLC through Sennora Brown.

38. Pursuant to Florida Statute 607.0204, "[a]ll persons purporting to act as or on behalf of a corporation, having actual knowledge that there was no incorporation under this

chapter, are jointly and severally liable for all liabilities created while so acting..." Therefore, Sennora Brown is personally liable for the contract entered into on behalf of C & P Group, LLC a non-existent corporate entity.

39.     The Trustee performed all conditions, covenants, and promises required on her part to be performed in accordance with the terms and conditions of the contract, including seeking and receiving approval of the sale by this Court.

40.     C & P Group, LLC and Sennora Brown breached the contract by failing to close on the Real Property and failing to tender any funds to the Trustee for either the Personal Property or the Real Property.

41.     As a result of C & P Group, LLC and Sennora Brown's breach of the agreement, the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Sennora Brown in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count III - Common Law Fraud
(Sennora Brown)

42.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

43.     Sennora Brown made multiple misrepresentations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

a. C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

b. that Sennora Brown and the C & P Group, LLC had the ability to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate when in fact they did not;

c. that Rachmas Capital was providing the necessary funding to Sennora Brown and C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

d. that $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC and Sennora Brown.

44. Sennora Brown knew, at all times relevant to this matter:

a. She and C & P Group, LLC did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

b. C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

c. Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC and Sennora Brown to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

45. Sennora Brown intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

46. As a result of the representations of the made by Sennora Brown the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Sennora Brown in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count IV - Common Law Fraud
(C & P Group, LLC)

47.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

48.     The C & P Group, LLC made multiple misrepresentations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

     a.  C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

     b.  C & P Group, LLC had the ability to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate when in fact it did not;

     c.  Rachmas Capital was providing the necessary funding to C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

     d.  $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC.

49.     C & P Group, LLC knew, at all times relevant to this matter,

     a.  It did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

     b.  C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

     c.  Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

50.     C & P Group, LLC intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

51.     As a result of the representations of the made by C & P Group, LLC the the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against C & P Group, LLC in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count V - Common Law Fraud
(Rachmas Capital)

52.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

53.     Rachmas Capital made misrepresentations of material facts with respect to C & P Group, LLC having the funds to close and Rachmas Capital providing the $3.4 million of funding to C & P Group, LLC necessary to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate.

54.     Rachmas Capital knew, at all times relevant to this matter, that C & P Group, LLC did not have the funds available to close and Rachmas Capital was not providing the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate.

55.     Rachmas Capital intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

56.     As a result of the representations of the made by Rachmas Capital the the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Rachmas Capital in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count VI - Common Law Fraud
(Clear Title America, LLC)

57.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

58.     Clear Title America, LLC made misrepresentations of material facts with respect to holding $390,000.00 in escrow for C & P Group, LLC for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

59.     Clear Title America, LLC knew, at all times relevant to this matter that it was never in receipt of the $390,000.00 it purported to be holding in escrow for C & P Group, LLC for the purchase the Real Property and Personal Property of the Debtor's estate.

60.     Clear Title America, LLC intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

61.    As a result of the representations of the made by Clear Title America, LLC the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Clear Title America, LLC in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count VII - Common Law Fraud
(Keyes Real Estate and Loreal McDonald)

62.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

63.    Keyes Real Estate and Loreal McDonald made multiple misrepresentations of material facts, through the documents provided to the Trustee, with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

  a.  Sennora Brown and the C & P Group, LLC had the ability to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate when in fact they did not;

  b.  Rachmas Capital was providing the necessary funding to Sennora Brown and C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

  c.  that $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC and Sennora Brown.

64.    Keyes Real Estate and Loreal McDonald knew, at all times relevant to this matter;

  a.  Sennora Brown and C & P Group, LLC did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

13

     b.    C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

     c.    Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC and Sennora Brown to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate, yet Keyes Real Estate and Loreal McDonald continued to provide documentation to the Trustee stating otherwise.

65.    Keyes Real Estate and Loreal McDonald intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

66.    As a result of the representations of the made by Keyes Real Estate and Loreal McDonald the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment, jointly and severally, against Keyes Real Estate and Loreal McDonald in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

## Count VIII- Fraud in the Inducement
(Sennora Brown)

67.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

68.    Sennora Brown made multiple misrepresentations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

     a.    C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

b. Sennora Brown and the C & P Group, LLC had the ability to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate when in fact they did not;

c. Rachmas Capital was providing the necessary funding to Sennora Brown and C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

d. $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC and Sennora Brown.

69. Sennora Brown knew, at all times relevant to this matter:

a. She and C & P Group, LLC did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

b. C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

c. Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC and Sennora Brown to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

70. Sennora Brown intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

71. As a result of the representations of the made by Sennora Brown the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Sennora Brown in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

## Count IX - Fraud in the Inducement
(C & P Group, LLC)

72.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

73.     The C & P Group, LLC made multiple misrepresentations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

   a.   C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

   b.   C & P Group, LLC had the ability to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate when in fact it did not;

   c.   Rachmas Capital was providing the necessary funding to C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

   d.   $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC.

74.     C & P Group, LLC knew, at all times relevant to this matter:

   a.   that it did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

   b.   C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

   c.   Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

75.     C & P Group, LLC intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

76.     As a result of the representations of the made by C & P Group, LLC the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against C & P Group, LLC in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count X - Fraud in the Inducement
(Rachmas Capital)

77.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

78.     Rachmas Capital made misrepresentations of material facts with respect to Rachmas Capital providing the $3.4 million of funding to C & P Group, LLC and that C & P Group, LLC had the necessary funds to close on the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

79.     Rachmas Capital knew, at all times relevant to this matter, that it was not providing the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate.

80.     Rachmas Capital intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

81.     As a result of the representations of the made by Rachmas Capital the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of

WHEREFORE, the Trustee demands judgment against Rachmas Capital in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XI - Fraud in the Inducement
(Clear Title America, LLC)

82.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

83.     Clear Title America, LLC made misrepresentations of material facts with respect to holding $390,000.00 in escrow for C & P Group, LLC for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

84.     Clear Title America, LLC knew, at all times relevant to this matter, that it was never in receipt of the $390,000.00 it purported to be holding in escrow for C & P Group, LLC for the purchase the Real Property and Personal Property of the Debtor's estate.

85.     Clear Title America, LLC intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

86.     As a result of the representations of the made by Clear Title America, LLC the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Clear Title America, LLC in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XII - Fraud in the Inducement
(Keyes Real Estate and Loreal McDonald)

87.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

88.     Keyes Real Estate and Loreal McDonald made multiple misrepresentations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

a.   C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

b.   The ability of Sennora Brown and the C & P Group, LLC to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate;

c.   Rachmas Capital was providing the necessary funding to Sennora Brown and C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

d.   $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC and Sennora Brown.

89.     Keyes Real Estate and Loreal McDonald knew, at all times relevant to this matter,

a.   Sennora Brown and C & P Group, LLC did not have the funds necessary to purchase the Real Property and Personal Property of the Debtor's estate nor would it be able to procure such funds;

b.   C & P Group, LLC was a non-existent entity purporting to be a valid and existing corporate entity, eligible to do business in the State of Florida; and

c.   Clear Title America, LLC had not been in receipt of the $390,000.00 from C & P Group, LLC and Sennora Brown to hold in escrow for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy

estate, yet Keyes Real Estate and Loreal McDonald continued to provide documentation to the Trustee stating otherwise.

90.     Keyes Real Estate and Loreal McDonald intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

91.     As a result of the representations of the made by Keyes Real Estate and Loreal McDonald the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment, jointly and severally, against Keyes Real Estate and Loreal McDonald in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XIII - Conspiracy to Commit Fraud
(Sennora Brown)

92.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

93.     Sennora Brown conspired with the C & P Group, LLC, Rachmas Capital, Clear Title America, LLC, Keyes Real Estate and Loreal McDonald to defraud the bankruptcy estate and its creditors, by falsely representing that the C & P Group, LLC and Senorra Brown had the ability and were able to purchase the Real and Personal Property of the Debtor's estate.

94.     Sennora Brown was a member of the conspiracy, as noted by her name and signature on multiple documents provided to the Trustee.

95.     Sennora Brown and the co-conspirators perpetrated the fraud by supplying the Trustee with false and misleading documents that indicated C & P Group, LLC had the funds and ability to purchase Real and Personal Property of the Debtor's estate.

96.     The subsequent actions taken by the Trustee, and her counsel, on behalf of the estate were the direct result of the fraudulent representations of Sennora Brown and the co-conspirators.

97.     As a result of the representations of the made by Sennroa Brown and her co-conspirators the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Sennora Brown, jointly and severally with her co-conspirators, in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XIV - Conspiracy to Commit Fraud
(C & P Group, LLC)

98.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

99.     The C & P Group, LLC conspired with the Sennora Brown, Rachmas Capital, Clear Title America, LLC, Keyes Real Estate and Loreal McDonald to defraud the bankruptcy estate and its creditors, by falsely representing that the C & P Group, LLC and Senorra Brown had the ability and were able to purchase the Real and Personal Property of the Debtor's estate.

100.     C & P Group, LLC was a member of the conspiracy, as evidenced by it being named the alleged purchaser of the Real and Personal Property of the Debtor's estate and its purported principal's signature on multiple documents provided to the Trustee.

101.     C & P Group, LLC and the co-conspirators perpetrated the fraud by supplying the Trustee with false and misleading documents that indicated C & P Group, LLC had the funds and ability to purchase Real and Personal Property of the Debtor's estate.

102.     The subsequent actions taken by the Trustee, and her counsel, on behalf of the estate were the direct result of the fraudulent representations of C & P Group, LLC and the co-conspirators.

103.     As a result of the representations of the made by C & P Group, LLC and its co-conspirators the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against C & P Group, LLC, jointly and severally with its co-conspirators, in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XV - Conspiracy to Commit Fraud
(Rachmas Capital)

104.     The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

105.     Rachmas Capital conspired with the Sennora Brown, C & P Group, LLC, Clear Title America, LLC, Keyes Real Estate and Loreal McDonald to defraud the bankruptcy estate

and its creditors, by falsely representing that the C & P Group, LLC and Senorra Brown had the ability and were able to purchase the Real and Personal Property of the Debtor's estate.

106.    Rachmas Capital was a member of the conspiracy, as evidenced by its correspondence to the Trustee representing that C & P Group, LLC and Sennora Brown had sufficient funds to close on the contract and that they had procured the remaining funds from Rachmas Capital.

107.    Rachmas Capital and the co-conspirators perpetrated the fraud by supplying the Trustee with false and misleading documents that indicated C & P Group, LLC had the funds and ability to purchase Real and Personal Property of the Debtor's estate.

108.    The subsequent actions taken by the Trustee, and her counsel, on behalf of the estate were the direct result of the fraudulent representations of Rachmas Capital and the co-conspirators.

109.    As a result of the representations of the made by Rachmas Capital and its co-conspirators the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Rachmas Capital, jointly and severally with its co-conspirators, in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XVI - Conspiracy to Commit Fraud
(Clear Title America, LLC)

110.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

111. Clear Title America, LLC conspired with the Sennora Brown, C & P Group, LLC, Rachmas Capital, Keyes Real Estate and Loreal McDonald to defraud the bankruptcy estate and its creditors, by falsely representing that the C & P Group, LLC and Senorra Brown had the ability and were able to purchase the Real and Personal Property of the Debtor's estate.

112. Clear Title America, LLC was a member of the conspiracy, as evidenced by its correspondence to the Trustee representing that C & P Group, LLC and Sennora Brown had deposited and Clear Title America, LLC was in receipt of $390,000.00 to be held in escrow for the purchase of the Real and Personal Property of the Debtor's estate.

113. Clear Title America, LLC and the co-conspirators perpetrated the fraud by supplying the Trustee with false and misleading documents that indicated C & P Group, LLC had the funds and ability to purchase Real and Personal Property of the Debtor's estate.

114. The subsequent actions taken by the Trustee, and her counsel, on behalf of the estate were the direct result of the fraudulent representations of Clear Title America, LLC and its co-conspirators.

115. As a result of the representations of the made by Clear Title America, LLC and its co-conspirators the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Clear Title America, LLC, jointly and severally with its co-conspirators, in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

## Count XVII - Conspiracy to Commit Fraud
(Keyes Real Estate and Laureal McDonald)

116.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

117.    Keyes Real Estate and Loreal McDonald conspired with the Sennora Brown, C & P Group, LLC, Rachmas Capital, Clear Title America, LLC to defraud the bankruptcy estate and its creditors, by falsely representing that the C & P Group, LLC and Senorra Brown had the ability and were able to purchase the Real and Personal Property of the Debtor's estate.

118.    Keyes Real Estate and Loreal McDonald were members of the conspiracy, as evidenced by their correspondence to the Trustee representing that C & P Group, LLC and Sennora Brown had the ability to and were purchasing the Real and Personal Property of the Debtor's estate.

119.    Keyes Real Estate and Loreal McDonald and the co-conspirators perpetrated the fraud by supplying the Trustee with false and misleading documents that indicated C & P Group, LLC had the funds and ability to purchase Real and Personal Property of the Debtor's estate.

120.    The subsequent actions taken by the Trustee, and her counsel, on behalf of the estate were the direct result of the fraudulent representations of Keyes Real Estate and Loreal McDonald and their co-conspirators.

121.    As a result of the representations of the made by Keyes Real Estate and Loreal McDonald, and their co-conspirators, the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Keyes Real Estate and Loreal McDonald, jointly and severally with their co-conspirators, in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XVIII - Negligent Misrepresentation
(Rachmas Capital in the alternative to Count X)

122.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

123.    Rachmas Capital made representations of material facts with respect to Rachmas Capital providing the $3.4 million of funding to C & P Group, LLC and that C & P Group, LLC had the necessary funds to close on the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate, without having any knowledge of what it was representing was true and accurate.

124.    C & P Group, LLC, in fact, did not have the funds necessary to close on the contract for the purchase of the Real Property and Personal Property of the Debtor's bankruptcy estate.

125.    Rachmas Capital intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into a contract for sale of the Real Property and Personal Property of the Debtor's estate.

126.    The Trustee's reliance on the letter from Rachmas Capital stating that C & P Group, LLC had the $3.4 million available to it to consummate the purchase and sale of the Real Property and Personal Property of the Debtor's estate was reasonable, as this is standard business practice for this type of transaction.

26

127. As a result of the representations of the made by Rachmas Capital the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment against Rachmas Capital in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XIX - Negligent Misrepresentation
(Keyes Real Estate and Loreal McDonald in the Alternative to Count XI)

128. The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

129. Keyes Real Estate and Loreal McDonald made multiple representations of material facts with respect to the underlying transaction for the purchase and sale of the Real Property and Personal Property of the Debtor's bankruptcy estate, including:

    a. C & P Group, LLC being a corporate entity eligible to transact business in the State of Florida when in fact it was a non-existent entity;

    b. The ability of Sennora Brown and the C & P Group, LLC to procure the necessary funds to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate;

    c. Rachmas Capital was providing the necessary funding to Sennora Brown and C & P Group, LLC to purchase the Real Property and Personal Property of the Debtor's bankruptcy estate; and

    d. $390,000.00 had been deposited with Clear Title America, LLC to hold in escrow from C & P Group, LLC and Sennora Brown, without having any knowledge of what it was representing was true and accurate.

130. These representations made by Keyes Real Estate and Loreal McDonald were in fact false.

131.    Keyes Real Estate and Loreal McDonald intended that the Plaintiff rely on all of these representations in order to induce the Trustee to enter into and proceed with a contract for sale of the Real Property and Personal Property of the Debtor's estate.

132.    The Trustee justifiably relied on the representations made by Keyes Real Estate and Loreal McDonald, as this is standard business practice for this type of transaction.

133.    As a result of the representations of the made by Keyes Real Estate and Loreal McDonald the estate and its creditors suffered a loss in excess of $200,000.00 resulting from the decreased sale value of the Personal Property, the payments that Bank of America and the Homeowner's Association will never receive and the fees and costs incurred by the Trustee.

WHEREFORE, the Trustee demands judgment, jointly and severally, against Keyes Real Estate and Loreal McDonald in the amount of the damages suffered by the estate and its creditors plus interest and attorneys' fees and costs, and any other and further relief this Court deems just and proper.

### Count XX - Punitive Damages
(All Defendants)

134.    The Trustee realleges and reincorporates by reference the allegations as set forth in paragraphs 1 through 30 above as though fully set forth herein.

135.    The foregoing allegations evince, and each Defendant engaged in, fraudulent, willful, wanton and grossly negligent misconduct.

136.    The Defendants' intentional and negligent conduct resulted in damage to the Plaintiff.

137.    The Defendants' had actual knowledge that their conduct would result in injury to the Plaintiff and, despite that knowledge, pursued the course of conduct, resulting in injury to the Plaintiff.

WHEREFORE, the Trustee demands judgment against all of the Defendants, jointly and severally, for punitive damages, costs and interest allowable by law, and other and further relief the Court deems just and proper.

DATED this 8th day of May, 2012.

FURR AND COHEN, P.A.
*Attorneys for Trustee*
2255 Glades Road, Suite 337W
Boca Raton, FL 33431
(561) 395-0500/(561)338-7532-fax

By /s/ *Jason S. Rigoli*
   JASON S. RIGOLI
   Florida Bar No. 91990
   EMAIL: jrigoli@furrcohen.com
   ALVIN S. GOLDSTEIN
   Florida Bar No. 993621
   EMAIL: agoldstein@furrcohen.com

H:\LIBRARY\MENOTTE TRUSTEE\Nesbitt William A 11-262\PLD\Complaint For Fraud.Doc

Form CGFI14 (12/1/09)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**

**Adversary Number:** 12−01378−EPK

**Case Number:** 11−17929−EPK

In re:

**Name of Debtor(s):** William A Nesbitt

––––––––––––––––––––––––––––––––––––––––––––– /

**Deborah C. Menotte**

Plaintiff(s)

**VS.**

**Sennora Brown, C & P Group, LLC, Clear Title America, LLC, Rachmas Capital, Keyes Real Estate and Loreal McDonald**

Defendant(s)
––––––––––––––––––––––––––––––––––––––––––––/

ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY AND BANKRUPTCY CASE NUMBERS

# SUMMONS AND NOTICE OF PRETRIAL/TRIAL
# IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 30 days, pursuant to BR 7012, after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

**Flagler Waterview Bldg**
**1515 N Flagler Dr #801**
**West Palm Beach FL 33401**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney
Jason S Rigoli Esq.
2255 Glades Rd # 337W
Boca Raton, FL 33431

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012. Pursuant to BR 7007.1, and Local Rule 7003−1(B)(2) corporate defendants must file a corporate ownership statement.

*Page 1 of 3*

## PRETRIAL CONFERENCE INFORMATION:

Date: **August 9, 2012**

Time: **09:30 AM**

Location: **Flagler Waterview Building, 1515 N Flagler Dr Room 801 Courtroom B, West Palm Beach, FL 33401**


## TRIAL INFORMATION:

## THE TRIAL WILL BE SCHEDULED AT THE PRETRIAL CONFERENCE

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Clerk of Court**

By: Dawn Leonard
Deputy Clerk

**Dated:** May 9, 2012

*Page 2 of 3*

# CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made _____ (date) by:

☐ Mail Service: Regular, first class United States mail, postage fully pre–paid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date: _____      Signature: _____

| Print Name: | | |
|---|---|---|
| Address: | | |
| City: | State: | Zip: |

*Page 3 of 3*

Form CGFI19 (11/22/11)



ORDERED in the Southern District of Florida on May 9, 2012



**Erik P. Kimball**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

In re:

**Name of Debtor(s):** William A Nesbitt

**Case Number:** 11–17929–EPK

─────────────────────────────────────────/

**Deborah C. Menotte**

Plaintiff(s)

**VS.**

**Sennora Brown, C & P Group, LLC, Clear Title America, LLC, Rachmas Capital, Keyes Real Estate and Loreal McDonald**

**Adversary Number:** 12–01378–EPK

Defendant(s)
─────────────────────────────────────────/

## ORDER SETTING FILING AND DISCLOSURE REQUIREMENTS
## FOR PRETRIAL AND TRIAL

To expedite and facilitate the trial of this adversary proceeding, it is:

**ORDERED** as follows:

1(a).   **RIGHT TO JURY TRIAL; WAIVER.** Unless each party has timely filed a statement of consent under Local Rule 9015–1(B), not later than ten (10) days before the date first set for the pretrial conference in the summons each party requesting a jury trial on any issue in this proceeding shall file with this court pursuant to Local Rule 5011–1 a motion for withdrawal of the reference. FAILURE OF ANY PARTY TO FILE A MOTION TO WITHDRAW THE REFERENCE ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE WAIVER BY SUCH PARTY OF ANY RIGHT TO TRIAL BY JURY IN THIS PROCEEDING.

*Page 1 of 5*

(b). **OBJECTION TO ENTRY OF FINAL ORDERS AND JUDGMENTS BY THE BANKRUPTCY COURT; CONSENT.** Not later than ten (10) days before the date first set for the pretrial conference in the summons each party objecting to the entry of final orders or judgments by this court on any issue in this proceeding, whether or not designated as "core" under 28 U.S.C. §157(b), shall file with this court a motion requesting that this court determine whether this proceeding is a core proceeding or otherwise subject to the entry of final orders or judgments by this court. Any such motion shall be treated as an objection to the entry of final orders or judgments by this court. FAILURE OF ANY PARTY TO FILE A MOTION ON OR BEFORE THE DEADLINE PROVIDED IN THIS PARAGRAPH SHALL CONSTITUTE CONSENT BY SUCH PARTY TO THIS COURT ENTERING ALL APPROPRIATE FINAL ORDERS AND JUDGMENTS IN THIS PROCEEDING. Nothing in this paragraph limits this court's ability to determine sua sponte whether this proceeding is a core proceeding under 28 U.S.C. §157(b)(3) or otherwise subject to entry of final orders or judgments by this court.

2. **DISCLOSURES.** Except as otherwise ordered by the court, Rules 26(d)(1) and 26(f), Fed.R.Civ.P., shall not apply to this adversary proceeding. The disclosure requirements of Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall apply, but according to the following deadlines:

   a. The initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., shall be made at least thirty (30) days before the pretrial conference.

   b. The disclosure of expert testimony under Rule 26(a)(2), Fed.R.Civ.P., shall be made (i) at least twenty (20) days before the pretrial conference or (ii) within ten (10) days after an opposing party's disclosure of evidence that gives rise to the need for the expert, whichever is later. The party disclosing an expert witness shall, within ten (10) days of the disclosure, but in no event less than five (5) days before the pretrial conference, provide to each opposing party a written report prepared and signed by the witness as required by Rule 26(a)(2)(B), Fed.R.Civ.P.

   c. The pretrial disclosures under Rule 26(a)(3)(A), Fed.R.Civ.P., shall be made no later than the pretrial conference.

   d. All disclosures under Rules 26(a)(1), 26(a)(2), and 26(a)(3)(A), Fed.R.Civ.P., shall be made in writing, signed, served, and, except for copies of exhibits and expert witness reports, shall be filed with the court.

3. **DISCOVERY.** All discovery shall be completed not later than ten (10) days before the pretrial conference. The court will allow discovery after that date only upon a showing of good cause.

4. **JOINT PRETRIAL STIPULATION.** If any party is not represented by counsel in this proceeding, this paragraph shall not apply. All parties to this proceeding shall meet not later than ten (10) days prior to the pretrial conference to confer on the preparation of a Joint Pretrial Stipulation in substantially the form of Local Form 63C. The plaintiff shall file the fully executed Joint Pretrial Stipulation no later than one (1) business day prior to the pretrial conference. The court will not accept unilateral statements and will strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt for failure to comply with this order.

5. **TRIAL DATE.** At the pretrial conference, the court will set the trial of this proceeding.

*Page 2 of 5*

6.  **SPECIAL SETTINGS.** If the attorney(s) trying the case are from outside this district, or the parties or witnesses are from outside this district, or if some other reason exists that justifies a request to the court to specially set trial at a time or date certain, counsel shall request appropriate relief at the pretrial conference.

7.  **DOCUMENTS REQUIRED BEFORE TRIAL.**

    a.  Each party shall deliver to each opposing party (but not file), so as to be received no later than 4:00 p.m. four (4) business days prior to the pretrial conference, the following documents:

        (1)  A set of pre–marked exhibits (including summaries) intended to be offered as evidence at trial. Exhibits tendered by plaintiff(s) shall be marked numerically, and exhibits tendered by defendant(s) shall be marked alphabetically. Exhibits shall be bound in one or more notebooks or contained in one or more folders, with tabs marking each exhibit, and shall be accompanied by an Exhibit Register conforming to Local Form 49.

        (2)  With regard to any summary the party will offer in evidence at trial, a notice of the location(s) of the books, records, and the like, from which each summary has been made, and the reasonable times when they may be inspected and copied by adverse parties.

    b.  Unless otherwise ordered, each party shall file and deliver, so as to be received no later than 4:00 p.m. two (2) business days prior to the pretrial conference, any objection to the admissibility of any proposed exhibit, including any deposition transcript or recording (audio or video) or any summary. The objection must (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection. <u>An objection not so made – except for one under Federal Rule of Evidence 402 or 403 – is waived unless excused by the court for good cause.</u>

8.  **SWORN DECLARATIONS.** At each party's option, the direct testimony of any witness, except adverse, hostile, or rebuttal witnesses, may be presented by sworn declaration consisting of a succinct written statement of the direct testimony that the witness would be prepared to give if questions were propounded in the usual fashion at trial. If a party offers a sworn declaration in lieu of direct testimony:

    a.  The statement shall substantially conform to Local Form 63B and shall be signed by the declarant under penalty of perjury;

    b.  Each statement of fact shall be separate, shall be sequentially numbered, and shall contain only facts that are relevant and material to the contested issue before the court, avoiding redundancies, hearsay, and other obviously objectionable statements;

    c.  The statement may be referenced as the witness's "sworn declaration of fact;"

    d.  The original sworn declaration of fact shall be marked as a proposed exhibit and filed and served as otherwise required by this order;

e. Objections to any portion of a sworn declaration of fact may be raised at the time the sworn declaration of fact is offered to the court. The witness shall then be sworn and asked if the sworn declaration of fact correctly reflects the testimony that would be given if the witness was asked the appropriate questions. Opposing counsel may then cross–examine the witness. At the conclusion of cross–examination, the party whose witness is on the stand may conduct redirect examination in the usual manner; and

f. The court may require that direct testimony be provided in the usual manner during trial even if a sworn declaration of fact is offered.

9. **FINAL ARGUMENT.** At the conclusion of the trial, in lieu of final argument, the court may request that each party submit (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment, in word processing format, to an electronic mailbox designated by the court. The filer must include in the "subject" line the case name and number and the date of the relevant hearing.

10. **DISPOSITIVE MOTIONS.** All motions to dismiss and motions for summary judgment shall be filed and served not later than ten (10) days before the pretrial conference and shall comply with Local Rule 7056–1, if applicable. Absent good cause, failure to file and serve such a motion in a timely manner shall constitute waiver of the right to do so. Absent prior permission of the Court, no party shall file any motion to dismiss, motion for summary judgment, or response thereto, exceeding twenty (20) pages in length, and no party shall file any reply exceeding ten (10) pages in length. Title pages preceding the first page of text, signature pages, and certificates of service shall not be counted as pages for purposes of this paragraph.

If a party submits affidavits, declarations, or other materials in support of or in opposition to a motion for summary judgment, then: (A) the movant must serve with the motion all such materials; and (B) the opposing party must serve with the response all such materials in opposition to the motion. Any reply shall be strictly limited to rebuttal of matters raised in the response. Absent prior permission of the Court, in connection with any motion for summary judgment no party shall file affidavits or declarations that exceed twenty (20) pages in the aggregate.

11. **COMPLIANCE WITH FEDERAL JUDICIARY PRIVACY POLICY.** All papers, including exhibits, submitted to the court must comply with the federal judiciary privacy policy as referenced under LR 5005–1(A)(2).

12. **MEDIATION.** Pursuant to Local Rule 9019–2, the court may order the assignment of this proceeding to mediation at the pretrial conference or at any other time, upon the request of a party or upon the court's own motion.

13. **SETTLEMENT.** If the proceeding is settled, the parties shall submit to the court a stipulation or proposed judgment approved by all parties prior to the date of trial. If a judgment or stipulation is not submitted to the court, all parties shall be prepared to go to trial. If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will not be reset for trial if the parties fail to consummate the settlement. In such event, the court will consider only a motion to enforce the settlement, unless the sole reason the settlement is not consummated is that the court did not approve the settlement, in which case the matter will be reset for trial at a later date.

14. **DEFAULT.** If any defendant fails to answer or otherwise respond to the complaint in a timely manner, the plaintiff(s) shall promptly seek entry of a clerk's default pursuant to Bankruptcy Rule 7055(a), and Local Rule 7055–1, and shall move for default judgment. Unless judgment has been entered or the court advises the plaintiff(s) that the pretrial conference has been continued or canceled, the plaintiff(s) shall appear at the pretrial conference.

15. **SANCTIONS.** Failure to comply with any provision of this order or failure to appear at the pretrial conference may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or entry of default judgment.

16. **CONTINUANCES.** Continuances of the pretrial conference or trial or any deadlines set forth in this order must be requested by written motion. Any request for continuance or amendment to this order shall set forth the status of discovery, including exchange of disclosures required under this order, and shall state the reasons why the party or parties seek a continuance.

17. **SERVICE.** Plaintiff(s)' counsel shall serve a copy of this order on the defendant(s) with the summons and complaint.

*# # #*

A copy of this order was furnished to <u>Jason S Rigoli Esq.</u> on behalf of the Plaintiff on <u>May 9, 2012</u>.

By:<u> Dawn Leonard</u>
Deputy Clerk

*Page 5 of 5*

United States Bankruptcy Court
Southern District of Florida
West Palm Beach Division
www.flsb.uscourts.gov

Case Number Case Number 11-17929-EPK
Adversary Number   12-01378-EPK

In Re:

William A. Nesbitt,

   Debtor

_____

Deborah C. Menotte, Trustee
                              Plaintiff
vs.

Sennora Brown, et al.,
                        Defendants
_____/

**Answer and Affirmative Defenses of The Keyes Company and Loreal McDonald**

The Keyes Company and Loreal McDonald hereby answer the complaint of Deborah C. Menotte, Trustee, and state:

1. The Keyes Company and Loreal McDonald hereby admit the following paragraphs of the complaint: paragraphs 2, 3, 6, 7, 8, 13, 14.

2. Regarding paragraphs 4 and 5 , The Keyes Company and Loreal McDonald deny that this Court has jurisdiction over the subject matter of this case,  deny that this case is a core matter, and do not agree to final determination of matters by the Bankruptcy Court whether it is a core matter or not.

3. The Keyes Company and Loreal McDonald hereby admit in part and deny in part the following paragraphs of the complaint17, 18, 20

    3.1. Regarding paragraph 17, The Keyes Company and Loreal McDonald admit that the Plaintiff entered into a contract for the sale of the Real Property and the P Propety with C & P Group, LLC. [the **Contract**], but deny all other allegations of said paragraph.

    3.2. Regarding paragraph 18, The Keyes Company and Loreal McDonald admit that C & P Group, LLC provided the Trustee with a letter from Rachmas Capital and a letter from Clear Title America, but deny all other allegations of said paragraph.

    3.3. Regarding paragraph 20, The Keyes Company and Loreal McDonald admit that the Plaintiff filed a motion to seek Court approval for the sale of Real Property pursuant to the terms of the Contract and that they received a copy of that motion but deny all other allegations of said paragraph.

4. The Keyes Company and Loreal McDonald are without knowledge and therefore deny the following allegations of the complaint: 19, 22, 23, 24, 25, and 26.

5. Except as expressly admitted herein above, The Keyes Company and Loreal McDonald deny all other allegations of the complaint.

6. The Keyes Company and Loreal McDonald reassert the foregoing responses for each of the allegations that are realleged in the complaint in paragraphs 62, 87, 116 and 128.

Affirmative Defenses

Contractual Privity Economic Loss Rule

7. Plaintiff's action against **The Keyes Company and Loreal McDonald** for negligent misrepresentation is barred by the contractual privity economic loss rule.

8. Under the express terms of the Contract, paragraph 14, that is the subject of count 1 of the complaint, the Plaintiff agreed that:

> **Broker advises Buyer and Seller to verify** Property condition, square footage, and **all other facts and representations made pursuant to this Contract** and to consult appropriate professionals for legal, tax, environmental, and other specialized advice concerning matters affecting the Property and the transaction contemplated by this Contract. [Emphasis Added].

9. Under the express terms of the Contract, the buyer had no obligation to make the initial deposit unit the Seller, Buyer and Third Parties reach a written Agreement with each other [Contract, Paragraph 2(a), and Short Sale Addendum, Paragraph 3.

10. The Contract, Short Sale Addendum, Paragraph 3, provides in material part:

> THERE IS NO BINDING CONTRACT FOR THE PURCHASE AND SALE OF THE PROPERTY, AND NO EARNEST MONEY IS REQUIRED, UNTILL BUYER,SELLER AND THE THIRD PARTIES REACH A WRITTEN AGREEMENT WITH EACH OTHER ……

11. The Contract, Short Sale Addendum, Paragraph 5, provides in material part:

> FAILURE TO OBTAIN THIRD PARTY APPROVAL. If by the 30th day of January 2012 [the "Approval Deadline" ] Buyer, Seller, and Third Parties have not reached a written agreement as provided in Section 4 above, then the Proposed REPC shall automatically be deemed cancelled….

Based on the allegations of the complaint Plaintiff is attempting to assert a tort claim for the buyer's failure to make the initial deposit and to close the sale under the Contract which is indistinguishable from the breach of contract claim asserted by Plaintiff in Count 1 and is barred by the Florida contractual privity economic loss rule.

Additional Defenses

12. The Keyes Company and Loreal McDonald affirmatively allege as to all counts plead against them that the complaint fails to satisfy the particularity requirement of pleading fraud. Rule 9(b) requires that "[i]n all averments of fraud the circumstances constituting fraud shall be stated with particularity." The allegations omit the critical, precise details that would satisfy Rule 9(b).

13. The provision in section 768.72, Florida Statutes, that no claim for punitive damages shall be permitted unless the plaintiff first demonstrates a reasonable basis for that relief applies in this adversary proceeding because (i) that provision does not conflict with any federal procedural rule; and (ii) failure to apply that provision would result in the inequitable administration of justice and promote forum shopping. Accordingly, no claim for punitive damages should be permitted in this case unless the Trustee demonstrates a reasonable basis for that relief. Because at this stage of the proceeding the Trustee fails to demonstrate a reasonable basis for punitive damages, his punitive damages request should be stricken.

Wherefore The Keyes Company and Loreal McDonald request that the Court enter its judgment in favor of The Keyes Company and Loreal McDonald and against Deborah C. Menotte, Trustee on the claims of Deborah C. Menotte, Trustee in this action and award The Keyes Company and Loreal McDonald its costs incurred in this action and such other relief that is just and proper.

## Request for Jury Trial

The Keyes Company and Loreal McDonald request trial by jury on all issues.

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served as follows:

I hereby certify that on June 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/EDF or in the manner specified therein in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jason S. Rigolli
Furr and Cohen, PA
Attorneys for Trustee,
2255 Glades Road, Ste 337W,
Baca Raton Fl 33431
Ph (561) 395-0500 Fax (561) 338-7532
Email  jrigoli@furrcohen.com

Elizabeth A. Smitherman
Griffiths & Smitherman, PL
Attorney for Rachmas Capital
804 N. Olive Ave, 1st Fl
West Palm Beach Fl 33401
Ph/Fax (561) 290-0386
Email lsmitherman@gslawfl.com

Notice by US Mail
Sennora Brown
3700 Legacy Dr #22201
Frisco, Tx 75034

C & P Group, LLC
c/o Incorp Services Inc
815 Brazos St Ste 500
Austin Tx 78701

Clear Title America, LLC
c/o Stephen Dorsett
1211 N. Westshore Blvd Ste 202
Tampa Fl 33601

/s/ Joel M. Aresty
Joel M. Aresty, Fla. Bar No. 197483
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
Joel M. Aresty, PA
Offices at Sailboat Cay
13499 Biscayne Blvd
STE T3 (18th Floor)
North Miami, FL 33181-2061
Fax: 877-350-9402
Co-Counsel for The Keyes Company and
Loreal McDonald

/s/     Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email  bdf@friedlanderkamelhair.com

Friedlander & Kamelhair, PL
3300 N. University Drive  Ste 4
Coral Springs, Florida 33065-6300
Ph. (954) 893-1376;  (305) 371-7386
Fax (954) 893-1376

Attorney for The Keyes Company and Loreal
McDonald

United States Bankruptcy Court
Southern District of Florida
West Palm Beach Division
www.flsb.uscourts.gov

Case Number Case Number 11-17929-EPK
Adversary Number    12-01378-EPK

In Re:

William A. Nesbitt,

   Debtor

_____

Deborah C. Menotte, Trustee
                          Plaintiff
vs.

Sennora Brown, et al.,
                          Defendants
_____/

**Answer and Affirmative Defenses of The Keyes Company and Loreal McDonald**

The Keyes Company and Loreal McDonald hereby answer the complaint of Deborah C. Menotte, Trustee, and state:

1. The Keyes Company and Loreal McDonald hereby admit the following paragraphs of the complaint: paragraphs 2, 3, 6, 7, 8, 13, 14.

2. Regarding paragraphs 4 and 5 , The Keyes Company and Loreal McDonald deny that this Court has jurisdiction over the subject matter of this case,  deny that this case is a core matter, and do not agree to final determination of matters by the Bankruptcy Court whether it is a core matter or not.

3. The Keyes Company and Loreal McDonald hereby admit in part and deny in part the following paragraphs of the complaint 17, 18, 20

   3.1. Regarding paragraph 17, The Keyes Company and Loreal McDonald admit that the Plaintiff entered into a contract for the sale of the Real Property and the P Propety with C & P Group, LLC. [the **Contract**], but deny all other allegations of said paragraph.

   3.2. Regarding paragraph 18, The Keyes Company and Loreal McDonald admit that C & P Group, LLC provided the Trustee with a letter from Rachmas Capital and a letter from Clear Title America, but deny all other allegations of said paragraph.

   3.3. Regarding paragraph 20, The Keyes Company and Loreal McDonald admit that the Plaintiff filed a motion to seek Court approval for the sale of Real Property pursuant to the terms of the Contract and that they received a copy of that motion but deny all other allegations of said paragraph.

4. The Keyes Company and Loreal McDonald are without knowledge and therefore deny the following allegations of the complaint: 19, 22, 23, 24, 25, and 26.

5. Except as expressly admitted herein above, The Keyes Company and Loreal McDonald deny all other allegations of the complaint.

6. The Keyes Company and Loreal McDonald reassert the foregoing responses for each of the allegations that are realleged in the complaint in paragraphs 62, 87, 116 and 128.

Affirmative Defenses

Contractual Privity Economic Loss Rule

7. Plaintiff's action against **The Keyes Company and Loreal McDonald** for negligent misrepresentation is barred by the contractual privity economic loss rule.

8. Under the express terms of the Contract, paragraph 14, that is the subject of count 1 of the complaint, the Plaintiff agreed that:

> **Broker advises Buyer and Seller to verify** Property condition, square footage, and **all other facts and representations made pursuant to this Contract** and to consult appropriate professionals for legal, tax, environmental, and other specialized advice concerning matters affecting the Property and the transaction contemplated by this Contract. [Emphasis Added].

9. Under the express terms of the Contract, the buyer had no obligation to make the initial deposit unit the Seller, Buyer and Third Parties reach a written Agreement with each other [Contract, Paragraph 2(a), and Short Sale Addendum, Paragraph 3.

10. The Contract, Short Sale Addendum, Paragraph 3, provides in material part:

> THERE IS NO BINDING CONTRACT FOR THE PURCHASE AND SALE OF THE PROPERTY, AND NO EARNEST MONEY IS REQUIRED, UNTILL BUYER,SELLER AND THE THIRD PARTIES REACH A WRITTEN AGREEMENT WITH EACH OTHER ……

11. The Contract, Short Sale Addendum, Paragraph 5, provides in material part:

> FAILURE TO OBTAIN THIRD PARTY APPROVAL. If by the 30th day of January 2012 [the "Approval Deadline" ] Buyer, Seller, and Third Parties have not reached a written agreement as provided in Section 4 above, then the Proposed REPC shall automatically be deemed cancelled….

Based on the allegations of the complaint Plaintiff is attempting to assert a tort claim for the buyer's failure to make the initial deposit and to close the sale under the Contract which is indistinguishable from the breach of contract claim asserted by Plaintiff in Count 1 and is barred by the Florida contractual privity economic loss rule.

Additional Defenses

12. The Keyes Company and Loreal McDonald affirmatively allege as to all counts plead against them that the complaint fails to satisfy the particularity requirement of pleading fraud. Rule 9(b) requires that "[i]n all averments of fraud the circumstances constituting fraud shall be stated with particularity." The allegations omit the critical, precise details that would satisfy Rule 9(b).

13. The provision in section 768.72, Florida Statutes, that no claim for punitive damages shall be permitted unless the plaintiff first demonstrates a reasonable basis for that relief applies in this adversary proceeding because (i) that provision does not conflict with any federal procedural rule; and (ii) failure to apply that provision would result in the inequitable administration of justice and promote forum shopping. Accordingly, no claim for punitive damages should be permitted in this case unless the Trustee demonstrates a reasonable basis for that relief. Because at this stage of the proceeding the Trustee fails to demonstrate a reasonable basis for punitive damages, his punitive damages request should be stricken.

Wherefore The Keyes Company and Loreal McDonald request that the Court enter its judgment in favor of The Keyes Company and Loreal McDonald and against Deborah C. Menotte, Trustee on the claims of Deborah C. Menotte, Trustee in this action and award The Keyes Company and Loreal McDonald its costs incurred in this action and such other relief that is just and proper.

## Request for Jury Trial

The Keyes Company and Loreal McDonald request trial by jury on all issues.

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served as follows:

I hereby certify that on June 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/EDF or in the manner specified therein in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jason S. Rigolli
Furr and Cohen, PA
Attorneys for Trustee,
2255 Glades Road, Ste 337W,
Baca Raton Fl 33431
Ph (561) 395-0500 Fax (561) 338-7532
Email  jrigoli@furrcohen.com

Elizabeth A. Smitherman
Griffiths & Smitherman, PL
Attorney for Rachmas Capital
804 N. Olive Ave, 1st Fl
West Palm Beach Fl 33401
Ph/Fax (561) 290-0386
Email lsmitherman@gslawfl.com

Notice by US Mail
Sennora Brown
3700 Legacy Dr #22201
Frisco, Tx 75034

C & P Group, LLC
c/o Incorp Services Inc
815 Brazos St Ste 500
Austin Tx 78701

Clear Title America, LLC
c/o Stephen Dorsett
1211 N. Westshore Blvd Ste 202
Tampa Fl 33601

/s/ Joel M. Aresty
Joel M. Aresty, Fla. Bar No. 197483
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
Joel M. Aresty, PA
Offices at Sailboat Cay
13499 Biscayne Blvd
STE T3 (18th Floor)
North Miami, FL 33181-2061
Fax: 877-350-9402
Co-Counsel for The Keyes Company and
Loreal McDonald

/s/    Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email  bdf@friedlanderkamelhair.com

Friedlander & Kamelhair, PL
3300 N. University Drive  Ste 4
Coral Springs, Florida 33065-6300
Ph. (954) 893-1376;  (305) 371-7386
Fax (954) 893-1376

Attorney for The Keyes Company and Loreal
McDonald

United States Bankruptcy Court
Southern District of Florida
West Palm Beach Division
www.flsb.uscourts.gov
Case Number Case Number 11-17929-EPK
Adversary Number    12-01378-EPK

In Re:

William A. Nesbitt,

    Debtor

_____ Chapter 7

Deborah C. Menotte, Trustee
                         Plaintiff
vs.

Sennora Brown, et al.,
                      Defendants

_____/

## KEYES & McDonald's RULE 26(a)(1) INITIAL DISCLOSURES

**I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION
THAT MAY BE USED TO SUPPORT THE DEFENSES OF THE KEYES COMPANY**

| | |
|---|---|
| *A. Individuals Associated with Plaintiff* | |
| Deborah C. Menotte, Trustee | Information includes the negotiation, performance and termination of the purchase and sale contract between Buyer and Seller; and the lenders' agreements related to the sale. |
| Eddy Sua<br>Capital Group Realty of Delray Beach<br>220 Congress Park Drive, Suite 301<br>Delray Beach, FL 33445<br>P: 561.213-7653<br>F: 888.769.3880 | Information includes the negotiation, performance and termination of the purchase and sale contract between Seller and Buyer; direct communications with Sennora Brown and direct communications with Loreal McDonald, both regarding the contract negotiations, performance of the contract and termination of the contract. |
| *B. Individuals and Entities Affiliated with Defendants Keyes and McDonald* | |
| Loreal McDonald | Information includes the negotiation, |

| | |
|---|---|
| | performance and termination of the purchase and sale contract between Seller and Buyer; direct communications with Sennora Brown regarding the property and the Buyer's interest in purchasing the property; direct communications with Eddy Sua regarding the Buyer, the Buyer's interest in purchasing the Property, and the performance of the contract by |
| *C  Individuals and Entities Affiliated with other Defendants* | |
| Sennora Brown | Information includes the negotiation, performance and termination of the purchase and sale contract by the Buyer, the organization of the Buyer, and the name of the Buyer, and Ms. Brown's authority to act for the Buyer. |
| Timothy R. Hills<br>Rachmas<br>1200 NW Marshall Street Ste 507<br>Portland OR 97209<br>P. 800 807-8579<br>F. 888 315-2643 | Regarding the Rachmas letter dated January 10, 2012 and the availability of private equity capital |
| Gary R. Alderman, II<br>Clear Title America<br>2111 N West Shore Blvd, Ste 202<br>Tampa Fl 33607<br>P.  813 288-1660<br>F.  813 288-1662 | Information includes the receipt and handling of the deposit check in the amount of $390,000 and the preparation and delivery of the Escrow Letter dated February 1, 2012. |

| D. Other Witnesses | |
|---|---|
| Records Custodian and Corporate Representative<br>American Home Mortgage Servicing Inc.<br>PO Box 631730<br>Irving TX 75063-1730 | Information regarding the lender's terms related to the short sale of the property and communications related to the sale of the property to Buyer |
| | |
| Records Custodian and Corporate Representative<br>Bank of America<br>2505 W Chandler Blvd,<br>Chandler, AZ 85224 | Information regarding the lender's terms related to the short sale of the property and communications related to the sale of the property to Buyer |
| | |

**II. CATEGORIES AND LOCATION OF DOCUMENTS**

| Category | Location |
|---|---|
| Contract Documents including but not limited to purchase and sale contract, escrow letter, lender agreements | Menotte, Brown, Sua, McDonald |
| Email Communications<br>Between Eddy Sua, Sennora Brown and Loreal McDonald regarding the sale | Brown, Sua, McDonald |
| | All of the McDonald documents are available for inspection and may be downloaded from the web server of Friedlander & Kamelhair, PL upon request |

**III. COMPUTATION OF DAMAGES**

No damages asserted by Defendant

**IV. INSURANCE**
No insurance applicable to claim

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was served as follows:

I hereby certify that on July 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/EDF or in the manner specified therein in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Jason S. Rigolli
Furr and Cohen, PA
Attorneys for Trustee,
2255 Glades Road, Ste 337W,
Baca Raton Fl 33431
Ph (561) 395-0500 Fax (561) 338-7532
Email  jrigoli@furrcohen.com

Elizabeth A. Smitherman
Griffiths & Smitherman, PL
Attorney for Rachmas Capital
804 N. Olive Ave, 1st Fl
West Palm Beach Fl 33401
Ph/Fax (561) 290-0386
Email lsmitherman@gslawfl.com

Brett A. Elam
Attorney for Sennora Brown, C&P
Group, LLC and Clear Title America,
LLC
105 S Narcissus Ave Ste 802
West Palm Beach, Florida 334015530
Phone:  561.8331113
Fax:  561.8331115
E-Mail:  belam@brettelamlaw.com

/s/ Joel M. Aresty
Joel M. Aresty, Fla. Bar No. 197483
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
Joel M. Aresty, PA
Offices at Sailboat Cay
13499 Biscayne Blvd
STE T3 (18th Floor)
North Miami, FL 33181-2061
Fax: 877-350-9402
Co-Counsel for The Keyes Company and
Loreal McDonald

/s/ Bruce D. Friedlander
Bruce D. Friedlander, Fla. Bar 304816
Email bdf@friedlanderkamelhair.com

Friedlander & Kamelhair, PL
3300 N. University Drive Ste 4
Coral Springs, Florida 33065-6300
Ph. (954) 893-1376; (305) 371-7386
Fax (954) 893-1376

Attorney for The Keyes Company and
Loreal McDonald

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In Re:                                              Case No. 11-17929-BKC-EPK
                                                    Chapter 7
WILLIAM A. NESBITT,

     Debtor.
_____/
DEBORAH C. MENOTTE, TRUSTEE,

     Plaintiff,

vs.                                                 Adv. Pro. No. 12-01378-EPK

SENNORA BROWN, C & P GROUP, LLC,
CLEAR TITLE AMERICA, LLC,
RACHMAS CAPITAL, KEYES REAL
ESTATE and LOREAL McDONALD,

     Defendants.
_____/

### AGREED MOTION TO CONTINUE PRETRIAL CONFERENCE AND EXTEND DEADLINES FOR COMPLIANCE WITH FILING AND DISCLOSURE REQUIREMENTS

Plaintiff, DEBORAH MENOTTE, the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of WILLIAM A. NESBITT ("Plaintiff/Trustee"), by and through undersigned counsel, hereby moves this Court to continue the Pretrial Conference presently scheduled for August 9, 2012, and extend the deadlines to comply with pretrial requirements, and states as follows:

    1.     This Adversary Proceeding was filed on May 8, 2012 (D.E. #1).

    2.     The Pretrial Conference is scheduled for August 9, 2012 at 9:30 a.m. in West Palm Beach, Florida (D.E. #2). This Motion is timely filed.

3.     The Court entered its Order Setting Filing and Disclosure Requirements for Pretrial and Trial on May 9, 2012 (the "Pretrial Order") (D.E. #3).

4.     On June 15, 2012, the Defendants', Sennora Brown, C & P Group, LLC, and Clear Title America, LLC filed a Motion to Dismiss Adversary Proceeding (D.E. #20) and on June 20, 2012, the Trustee filed her Response to same (D.E. #22). The hearing on the Motion to Dismiss and the Response thereto is scheduled for August 9, 2012, the same day as the Pretrial Conference.

5.     Additionally, the parties are actively engaged in discovery and require additional time to collect and analyze the discovery to determine if the issues can be settled between the parties.

6.     For the foregoing reasons, the Plaintiff/Trustee requests that the Pretrial Conference in this matter be continued for a period of 90 days, through and including November 7, 2012.

7.     All parties have agreed to the relief sought in this Motion.

WHEREFORE, Plaintiff/Trustee, Deborah Menotte respectfully requests this Court enter an order continuing the Pretrial Conference Date presently scheduled for August 9, 2012 and extend the deadline for complying with the filing and disclosure requirements for pretrial, through and including November 7, 2012, and granting other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on the parties listed below in the manner indicated this 19th day of July, 2012.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in the this Court set forth in Local Rule 2090-1(A).

FURR AND COHEN, P.A.
*Attorneys for Trustee/Plaintiff*
One Boca Place, Suite 337W
2255 Glades Road
Boca Raton, FL 33431
Telephone: (561) 395-0500
Facsimile: (561) 338-7532

By: */s/ Jason S. Rigoli*
Jason S. Rigoli
Florida Bar No: 91990
E-mail: jrigoli@furrcohen.com

Served via ECF:

- Joel M. Aresty    aresty@mac.com
- Brett A Elam    belam@brettelamlaw.com,
  info@brettelamlaw.com;mreitzell@brettelamlaw.com;amanda@brettelamlaw.com
- Deborah C. Menotte    menottetrustee@bellsouth.net
- Jason S Rigoli    jrigoli@furrcohen.com, ndixon@furrcohen.com
- Elizabeth Smitherman    lsmitherman@slgpa.com

United States Bankruptcy Court
Southern District of Florida
West Palm Beach Division
www.flsb.uscourts.gov

Case Number Case Number 11-17929-EPK
Adversary Number    12-01378-EPK

In Re:

William A. Nesbitt,

   Debtor

_____  Chapter 7

Deborah C. Menotte, Trustee
                 Plaintiff
vs.

Sennora Brown, et al.,
               Defendants
_____/

**Defendants The Keyes Company and Loreal McDonald Motion to Withdraw Reference And Designation of Record**

COME NOW, the Defendants, The Keyes Company and Loreal McDonald by and through their undersigned attorneys, and move to withdraw reference and file designation of record, pursuant to Local Rule 5011-1, and Doc 3 Order Setting Filing and Disclosure Requirements for Pretrial and Trial, and respectfully represent:

Defendants   seek withdrawal of the reference based on the fact that the case at bar is non-core and their demand for a jury trial, which they do not consent to the bankruptcy court conducting. Defendants are required to make this motion under Local Rule 5011-1 and the pretrial order in this case.

The fraud case at bar would be an action at law in 18th-century England, and a court of equity would not have adjudicated it, so it must be concluded

preliminarily that the action is a "Sui[t] at common law" for which a jury trial is required by the Seventh Amendment. Additionally, the nature of the relief Plaintiff seeks -- the recovery of money payments of ascertained and definite amounts -- conclusively demonstrates that his cause of action should be characterized as legal, rather than equitable, such that petitioners are prima facie entitled to a jury trial under the Amendment. Granfinanciera v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, 19 BCD 493 (1989).

Movants understand a demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made so early in the proceedings. In re Winstar Communications, Inc., 321 B.R. 761, 764 (D. Del. 2005); Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 62 (S.D.N.Y. 1992). Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible." In re Dreis, No. 94 C 4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); see also Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial). Although withdrawal of the reference is appropriate for purposes of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature. Thus, the Court may withdraw the bankruptcy reference only for the purposes of

jury trial. The Court may leave the reference intact as to all pretrial matters.

Defendants' designation of record is as follows:

Doc 1        Complaint
Doc 2        Summons
Doc 3        Pretrial Order
Doc 18      Answer and Affirmative Defenses of Defendants
Doc 19      Jury Demand
Doc 36      Initial Disclosure
Doc 42      Agreed Motion to Continue Pretrial
Doc         The Motion to Withdraw Reference

## CERTIFICATE OF SERVICE

We certify that a true copy of the foregoing was served as follows:

We hereby certify that on July 27, 2012, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list via transmission of Notices of Electronic Filing generated by CM/EDF or in the manner specified therein in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By email

Jason S. Rigolli
Furr and Cohen, PA
Attorneys for Trustee,
2255 Glades Road, Ste 337W,
Baca Raton Fl 33431
Ph (561) 395-0500 Fax (561) 338-7532
Email  jrigoli@furrcohen.com

Elizabeth A. Smitherman
Griffiths & Smitherman, PL
Attorney for Rachmas Capital
804 N. Olive Ave, 1st Fl
West Palm Beach Fl 33401
Ph/Fax (561) 290-0386
Email lsmitherman@gslawfl.com

Brett A. Elam
Attorney for Sennora Brown, C&P Group,
and Clear Title America,
105 S Narcissus Ave Ste 802
West Palm Beach, Florida 334015530
Phone:  561.8331113
Fax:  561.8331115
E-Mail:  belam@brettelamlaw.com

/s/ Joel M. Aresty
Joel M. Aresty, Fla. Bar No. 197483
E-mail: Aresty@Mac.com
http://www.Joelaresty.com
Joel M. Aresty, PA
Offices at Sailboat Cay
13499 Biscayne Blvd
STE T3 (18th Floor)
North Miami, FL 33181-2061
Fax: 877-350-9402
Co-Counsel for The Keyes Company and
Loreal McDonald

/s/ Bruce D. Friedlander
Bruce D. Friedlander, Fla Bar 304816
Email bdf@friedlanderkamelhair.com

Friedlander & Kamelhair, PL
3300 N. University Drive Ste 4
Coral Springs, Florida 33065-6300
Ph. (954) 893-1376; (305) 371-7386
Fax (954) 893-1376

Attorney for The Keyes Company and
Loreal McDonald